## WILLIAM H. PRICE v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 14, 1916.

Nos. 19,858—(231).

**Death by wrongful act — damages not excessive.**

In an action for the wrongful death of plaintiff's intestate, it is *held* that there were no prejudicial errors in the instructions to the jury, and that the damages awarded by the jury are not excessive.

Action in the district court for Hennepin county by the administrator of the estate of Frank Yirak, deceased, to recover $7,500 for the death of his intestate while in the employ of defendant. The case was tried be-

[1]Reported in 158 N. W. 825.

fore Waite, J., and a jury which returned a verdict for $5,750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman, Cobb, Wheelright & Dille* and *C. M. Bracelen,* for appellant.

*Edward W. Hawley, Brown & Guesmer, Harry S. Carson* and *Edwin C. Brown,* for respondent.

SCHALLER, J.

Action for the death of plaintiff's intestate, caused by the alleged negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying a new trial.

Decedent was in the employ of defendant as a section hand or track repairer in its Minneapolis yards. On the day in question he was, in the performance of his duties, at work about one of the tracks which pass under a certain bridge at Fourteenth avenue S. E. While so engaged, and apparently absorbed in his work, he was struck and killed by a string of cars being pushed over the track upon which he was working. The evidence tends to show that he was wholly unaware of the approaching cars; that no brakeman was placed on the forward car to warn employees on the track of the approach of the cars; that no signal was given by the engine bell or otherwise; and that the presence of a brakeman on the forward car is required by the rules of the company in car movements of this kind. Defendant offered evidence of a compliance with its rules, and contended on the trial that decedent was clearly chargeable with contributory negligence.

The questions raised in support of the appeal are: (1) That the trial court erred in its instructions to the jury upon the issue of contributory negligence; and (2) that the damages awarded are excessive. No point is made as to the sufficiency of the evidence to support the verdict, both in respect to negligence and contributory negligence, and, unless there is error in the instructions or the damages are excessive, there must be an affirmance. Neither question requires extended discussion. The instructions of the court are open to some of the objections made by defendant. However, the objections are technical rather than substantial, at least from the standpoint of the jury. They single out distinct parts of the charge

which, when not removed from what precedes and follows, were clearly not confusing or misleading. Though somewhat discursive and argumentative, the instructions clearly presented the issues to the jury, and any abstract error predicated on segregated parts of the charge was without substantial prejudice to the rights of defendant.

The damages are not excessive.

Order affirmed.